**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RAJAN PARAMBIL, *Plaintiff*, v. ENGIE NORTH AMERICA INC., *Defendant*. | Civil Action No. 25-03858 (AHA) |

**Memorandum Opinion**

Rajan Parambil sues his former employer, ENGIE North America Inc., alleging it fired him because of his age. ENGIE moves for judgment on the pleadings, arguing that Parambil does not state a claim. The court agrees and grants the motion.

## I. Background[1]

ENGIE hired Parambil to be a boiler plant engineer in 2023. *See* ECF No. 28 ¶ 10. Then in his seventies, Parambil maintained the boilers at Howard University and supervised eight employees. *Id.* ¶¶ 11, 28, 60, 91. According to the complaint, Parambil worked for months with no performance issues until a 2024 evaluation said he needed to improve his communication skills. *Id.* ¶¶ 20, 84–86. Soon after that, ENGIE's general plant manager and Parambil's supervisor, Mark Alexander, told Parambil that his work fell below company standards. *Id.* ¶ 23. Alexander specifically noted Parambil's failure to submit his required round sheets, organize the "critical contractual logs in the control room," and adequately manage his eight reports, all of which created

---

[1] As required on a motion for judgment on the pleadings, the court "accept[s] as true the allegations" in the complaint and "accord[s] the benefit of all reasonable inferences" to Parambil. *Haynesworth v. Miller*, 820 F.2d 1245, 1249 n.11 (D.C. Cir. 1987).

"operational issues" with the boilers. *Id.*, Ex. 1. Alexander then reassigned Parambil to work under the plant's maintenance manager, Odane Nelson, who was in his thirties. Alexander also transferred Parambil's eight direct reports to be managed by Nelson instead. *Id.* ¶ 27–30.

One month after this warning, Alexander placed Parambil on a performance improvement plan, or "PIP." *Id.* ¶ 24. The PIP identified gaps in Parambil's performance and gave him 90 days to improve. *Id.* ¶ 48; *see also id.*, Ex. 2. Around that time, Parambil learned from coworkers that Nelson had made negative statements about his job performance, including that Nelson offered Parambil's role to another coworker because "he didn't want [Parambil] in that position." *Id.* ¶ 31–32. Parambil understood Nelson's comment "to be based on his age" because he is "substantially older" than the would-be replacement. *Id.* ¶ 36. Parambil also later learned of a rumor that Nelson thought "Parambil's computer skills were not strong or up to date." *Id.* ¶ 41.

Parambil alleges that during the 90-day PIP period, he did not receive contemporaneous feedback from his supervisors, but he completed the PIP's requirements "to the extent he could." *Id.* ¶¶ 62–80. Alexander nonetheless fired Parambil in August 2025, citing poor "work performance" that had "not improved despite prior feedback and support." *Id.*, Ex. 3.

Parambil sued ENGIE. His second amended complaint asserts two age discrimination claims under the District of Columbia Human Rights Act ("DCHRA"): one based on the alleged discipline, reassignment, and removal of supervisory responsibilities before ENGIE fired him; and another based on the firing itself. ECF No. 28 ¶¶ 90–130. ENGIE moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), arguing that Parambil has not stated any claims for age discrimination.

## II. Discussion

The federal rules allow a party to move for judgment on the pleadings "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). The moving party "shoulders a heavy burden of justification":

It must show "that no material fact is in dispute and that it is entitled to judgment as a matter of law." *Dist. No. 1 v. Liberty Mar. Corp.*, 933 F.3d 751, 760 (D.C. Cir. 2019). The court must "accept as true the allegations in the opponent's pleadings" and draw all reasonable inferences in that party's favor. *Id. at* 761. Judgment on the pleadings is not appropriate if "material questions of fact are presented by the pleadings." *Id.*

Here, ENGIE says it should get judgment on the pleadings because Parambil does not state an age discrimination claim. To make out a *prima facie* case of age discrimination under the DCHRA, Parambil must show "1) he is a member of a protected class; 2) he suffered an adverse employment action; and 3) the circumstances give rise to an inference of discrimination." *Little v. D.C. Water & Sewer Auth.*, 91 A.3d 1020, 1027 (D.C. 2014). Though "an employment discrimination plaintiff is not required to plead every fact necessary to establish a *prima facie* case to survive a motion to dismiss," *Jones v. Air Line Pilots Ass'n, Int'l*, 642 F.3d 1100, 1104 (D.C. Cir. 2011), he must at the least "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Harris v. D.C. Water & Sewer Auth.*, 791 F.3d 65, 68 (D.C. Cir. 2015). ENGIE does not dispute that Parambil's age puts him in a protected class or that he has alleged adverse actions, including by being fired. ENGIE contests only the third prong, arguing that Parambil has not plausibly alleged that it took these adverse actions because of his age.

The court agrees Parambil has not plausibly alleged causation. To plead causation under the DCHRA, Parambil must plausibly allege that age was a motivating reason for ENGIE's decisions to discipline and fire him. *See District of Columbia v. Bryant*, 307 A.3d 443, 450 n.4 (D.C. 2024) (holding "the motivating-reason standard applies to *status-based* discrimination claims under the DCHRA" (emphasis in original)). That means showing "that either (1) the actual

decisionmakers had . . . discriminatory reasons" for their actions, or "(2) their decision was tainted by [a non-decisionmaker's] involvement or influence." *Furline v. Morrison*, 953 A.2d 344, 354 (D.C. 2008); *see also Wicks v. Am. Transmission Co.*, 701 F. Supp. 2d 38, 48 (D.D.C. 2010), *aff'd*, No. 10-7055, 2010 WL 4340376 (D.C. Cir. Oct. 1, 2010) ("It is the perception of the decision maker which is relevant.").

According to the complaint, Alexander was the actual decisionmaker behind the adverse actions taken against Parambil: Alexander put Parambil on a PIP, reassigned him to work under Nelson, and eventually fired him. ECF No. 28 ¶¶ 23–24, 27, 92–95, 102, 124–125; *see also id.*, Ex. 3. Yet Parambil relies almost exclusively on comments by Nelson, which are not enough to support an inference that Alexander's actions were based on age. *See Estevan v. Garland*, No. 21-cv-02497, 2023 WL 1100448, at *8 (D.D.C. Jan. 30, 2023) (reasoning that "one comment by a non-decisionmaker is not enough to show the proffered rationale was pretextual" (citing *Freedman v. MCI Telecomms. Corp.*, 255 F.3d 840, 848 (D.C. Cir. 2001)). And even though Nelson later had supervisory authority when Alexander decided to fire Parambil, the complaint does not plausibly allege a nexus between Nelson's earlier comments and age discrimination. Although the complaint alleges Nelson "didn't want [Parambil] in that position" and thought "Parambil's computer skills were not strong or up to date," those comments are not sufficient to plausibly allege Parambil was fired based on his age. ECF 28 ¶¶ 31–32, 41; *see Sagar v. Mnuchin*, 305 F. Supp. 3d 99, 110 (D.D.C. 2018), *aff'd*, No. 18-5183, 2019 WL 667201 (D.C. Cir. Jan. 29, 2019) (concluding a supervisor's inquiries about age and comment that the plaintiff was old and experienced "certainly do not constitute direct evidence of age-based animus"); *Murphy v. Noem*, No. 19-cv-1954, 2025 WL 2779950, at *12 (D.D.C. Sep. 30, 2025) (reasoning that, although the plaintiff could construe a comment as a "proxy for stereotypes about older employees," that type of statement was "not

inherently ageist" and the plaintiff could not show "a nexus between [the] stray remark and the adverse employment decision").[2]

As for Alexander, the actual decisionmaker, Parambil argues that the decisions to reassign him to report to Nelson and to transfer responsibilities to Nelson give rise to an inference of discrimination because Alexander treated Nelson, who was younger, more favorably. *See* ECF No. 30 at 4–5. Plaintiffs in age discrimination cases can use circumstantial evidence to establish animus, including "evidence suggesting that the employer treated other employees of a different [age] more favorably in the same factual circumstances." *Burley v. Nat'l Passenger Rail Corp.*, 801 F.3d 290, 301 (D.C. Cir. 2015) (alterations omitted). But the mere allegation that Parambil was assigned to report to, and had responsibility transferred to, someone younger does not plausibly allege discrimination. *See, e.g.*, *Howie v. Off. of Eddie Bernice Johnson*, 570 F. Supp. 2d 115, 123 (D.D.C. 2008) ("It is not a violation . . . to replace an employee in the protected class with a younger person, so long as the protected employee is not replaced because of [his] age." (quoting *La Montagne v. Am. Convenience Prods., Inc.*, 750 F.2d 1405, 1413 (7th Cir. 1984)). To show Alexander's employment decisions were motivated by discrimination because those decisions treated Nelson more favorably, Parambil would need to plausibly allege Nelson was "similarly positioned to [him] in at least some relevant respects," like job duties or qualifications. *Joyner v. Morrison & Foerster LLP*, 140 F.4th 523, 531 (D.C. Cir. 2025). Here, beyond a

---

[2] For similar reasons, Parambil cannot impute discriminatory animus from Nelson to Alexander. On that theory of liability, sometimes called a "cat's paw" theory, "[t]he actions of a discriminatory supervisor that feed into and causally influence the decisionmaker's ultimate determination may also be the proximate cause of an adverse employment action." *Steele v. Mattis*, 899 F.3d 943, 950 (D.C. Cir. 2018). But here Parambil does not plausibly allege Nelson himself was "motivated by discriminatory animus," so he has no plausibly alleged discrimination to impute. Parambil also has not plausibly alleged that Nelson's comments were intended to cause and proximately caused any ultimate adverse actions taken by Alexander. *See Staub v. Proctor Hosp.*, 562 U.S. 411, 422 (2011) (requiring those showings for "cat's paw" liability).

conclusory allegation that Nelson is similarly situated, ECF No. 28 ¶ 97, the complaint alleges many material differences between Parambil and Nelson, including a different job title, different duties, and different qualifications, *see id.* ¶¶ 10, 15, 27, 54–57. Parambil therefore does not plausibly allege Alexander's personnel decisions were motivated by age "rather than the myriad other reasons that might affect an employment decision." *Joyner*, 140 F.4th at 531.

Parambil also alleges the PIP process that preceded his firing was deficient because neither Nelson nor Alexander gave him any contemporaneous feedback and failed to acknowledge his satisfaction of the PIP's terms. *See* ECF No. 28 ¶¶ 60–80. But that cannot support an inference of age discrimination absent plausible allegations that the PIP was run poorly because of Parambil's age. And Parambil's complaint fails to connect these alleged procedural deficiencies to his age. *See George v. Molson Coors Beverage Co. USA, LLC*, No. 20-cv-1914, 2020 WL 5702089, at *3–4 (D.D.C. Sept. 24, 2020) (finding allegations that plaintiff "never receiv[ed] feedback on his performance review," even "when considered collectively" with other allegations, insufficient to "state a plausible claim of . . . discrimination under the DCHRA").

## III. Conclusion

For these reasons, ENGIE's motion for judgment on the pleadings is granted, and this action is dismissed without prejudice. A separate order accompanies this memorandum opinion.

AMIR H. ALI
United States District Judge

Date: October 23, 2026